IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION



UNITED STATES OF AMERICA

v.                                                    CRIMINAL NO. 3:24-cv-102-DPJ-LGI

SHERIK MARVE SMITH                  18 U.S.C. § 371

**The United States charges:**

## Introduction

At all times material to this Information unless otherwise indicated:

1.      Defendant **SHERIK MARVE SMITH ("SMITH")** was a resident of Hinds County, Mississippi and a longtime associate of Unindicted Co-conspirator A.

2.      Unindicted Co-conspirator A is a resident of Hinds County, Mississippi.

3.      Unindicted Co-conspirators B and C are elected officials of the City of Jackson, Mississippi and are agents of the City of Jackson, Mississippi.

4.      Individual 1 is a confidential human source employed by the Federal Bureau of Investigation ("FBI"). Individual 1 purported to be a real estate developer from Nashville, Tennessee seeking to invest in and develop a property in downtown Jackson, Mississippi.

5.      Individual 2 is a confidential human source employed by the FBI. Individual 2 purported to be a real estate developer from Nashville, Tennessee seeking to invest in and develop a property in downtown Jackson, Mississippi.

6.      In 2024, the City of Jackson received over $10,000 in benefits from the United States government under federal programs involving grants, subsidies, loans, guarantees, insurance, and other forms of assistance.

## Conspiracy to Commit Federal Program Bribery
### (Violation of 18 U.S.C. § 371)

7.  The preceding paragraphs of this Information are hereby re-alleged and incorporated by reference as though fully set forth herein.

### The Conspiracy

8.  From approximately October 2023 to May 2024, in the Northern Division of the Southern District of Mississippi and elsewhere, **SMITH**, did knowingly and willfully conspire and agree with Unindicted Co-conspirator A, Unindicted Co-conspirator B, Unindicted Co-conspirator C, and others known and unknown, to commit offenses against the United States, including Federal Program Bribery, that is, to corruptly give, offer, and agree to give things of value from Individual 1 and Individual 2 to Unindicted Co-conspirator B and Unindicted Co-conspirator C, with the intent to influence Unindicted Co-conspirator B and Unindicted Co-conspirator C in connection with any business, transaction, and series of transactions of the City of Jackson valued at $5,000 or more in violation of 18 U.S.C. § 666(a)(2).

### Object of the Conspiracy

9.  It was an object of the conspiracy for **SMITH** and Unindicted Co-conspirator A to corruptly give, offer, and agree to give things of value, including cash payments and campaign contributions, to Unindicted Co-conspirator B and Unindicted Co-conspirator C from Individual 1 and Individual 2, in exchange for Unindicted Co-conspirator B and Unindicted Co-conspirator C committing official acts in their roles as elected officials of the City of Jackson, Mississippi. Specifically, Unindicted Co-conspirator B agreed to vote in favor of the real estate development project proposed by Individual 1 and Individual 2 and to approve the moving of a deadline to benefit Individual 1 and Individual 2's real estate development project. Unindicted Co-conspirator

C directed one or more City of Jackson employees to move a deadline in favor of Individual 1 and Individual 2's real estate development project.

10. It was further an object of the conspiracy to hide, conceal, and cover up the nature and scope of the things of value that Unindicted Co-conspirator B and Unindicted Co-conspirator C received, including the true source and nature of the cash payments and campaign contributions.

### Manner and Means of the Conspiracy

11. The manner and means by which **SMITH** and Unindicted Co-conspirator A carried out the conspiracy included, but were not limited to, the following:

12. **SMITH** and Unindicted Co-conspirator A negotiated and communicated offers and requests for payments and favors from Individual 1 and Individual 2 to Unindicted Co-conspirator B and Unindicted Co-conspirator C.

13. **SMITH** and Unindicted Co-conspirator A coordinated the time, place, manner, and means of payments and favors from Individual 1 and Individual 2 to Unindicted Co-conspirator B and Unindicted Co-conspirator C.

14. **SMITH** and Unindicted Co-conspirator A funneled a payment to Unindicted Co-conspirator C's re-election committee through a bank account owned or controlled by Unindicted Co-conspirator A and through a bank account owned or controlled by **SMITH**, in part to conceal that Individual 1 and Individual 2 were the true source of those payments.

## Overt Acts in Furtherance of the Conspiracy

15. In furtherance of the conspiracy, and to effect the object of the conspiracy, the following overt acts, among others, were committed in the Northern Division of the Southern District of Mississippi and elsewhere:

16. In March and April 2024, **SMITH** and Unindicted Co-conspirator A offered and transmitted the following payments and benefits from Individual 1 and Individual 2, understanding they were intended as bribes, to Unindicted Co-conspirators B and C in exchange for Unindicted Co-conspirator B's future vote or votes in favor of Individual 1 and Individual 2's proposed real estate development project in the City of Jackson, and in exchange for Unindicted Co-conspirator C's direction to one or more city employees to move a deadline in favor of Individual 1 and Individual 2's proposed real estate development project in the City of Jackson:

   a. A $10,000 cash payment from Individual 1 and Individual 2 to Unindicted Co-conspirator B;

   b. Protective services for Unindicted Co-conspirator B;

   c. An employment opportunity for a family member of Unindicted Co-conspirator B; and

   d. A $10,000 check from **SMITH** to Unindicted Co-conspirator C's re-election committee using funds from Individual 1 and Individual 2 after those funds had been routed through an account belonging to Unindicted Co-conspirator A.

All in violation of 18 U.S.C. § 371.

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE

17. As a result of the offense specified above, the defendant **SHERIK MARVE SMITH**, shall forfeit to the United States any and all property constituting, or derived from, any

proceeds obtained, directly or indirectly, as a result of such violations and any and all of the property of the said defendant used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations.

18. **SHERIK MARVE SMITH** shall forfeit to the United States the following property that is subject to forfeiture as a result of the offense specified above:

| ASSET ID | ASSET DESCRIPTION |
|---|---|
| TBD | $20,000 in United States currency |

19. Further, if any property described above, as a result of any act or omission of the defendant: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property, which cannot be divided without difficulty, then it is the intent of the United States to seek a judgment of forfeiture of any other property of the defendant, up to the value of the property described in this notice or any bill of particulars supporting it.

All pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 28 U.S.C. § 2461.

TODD W. GEE
United States Attorney

COREY AMUNDSON
Digitally signed by COREY AMUNDSON
Date: 2024.10.16 18:12:45 -04'00'

COREY R. AMUNDSON
Chief, Public Integrity Section
U.S. Department of Justice